SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| ALEXANDER ERLANDSSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>　　　　　Defendant. | Case No. 3:25-cv-1796<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br>(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexander Erlandsson ("Erlandsson") alleges, based on actual knowledge with respect to Erlandsson and Erlandsson's acts, and based on information and belief with respect to all other matters, against Defendant Harbor Freight Tools USA, Inc., a Delaware corporation ("Harbor Freight"), as follows:

### NATURE OF THE CASE

This is a civil for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. § 271(a). More specifically, Erlandsson alleges that Harbor Freight is directly infringing Erlandsson's U.S. Pat. No.

8,981,887 (the "Asserted Patent") through its manufacture, importation, offers for sale, and/or sales to U.S. customers of the Harbor Freight ICON Magnetic Tool Mat, SKU 70077 (the "Accused Product").

## THE PARTIES

1. Plaintiff Alexander Erlandsson is an individual resident of Bellingham, Washington and the sole owner of the Asserted Patent. Mr. Erlandsson operates a business under the name "Lodesol," which sells products covered by the Asserted Patent.

2. Defendant Harbor Freight Tools USA, Inc. is a Delaware corporation that operates retail stores throughout the United States, including several stores in the Portland, Oregon metropolitan area that offer and sell the Accused Product.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

4. This Court has personal jurisdiction over Defendant because Defendant operates several retail stores in this judicial district, through which Defendant advertises and sells its products to Oregon residents.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), because Defendant has committed acts of infringement by selling the Accused Product to customers in this district, and because Defendant has several regular and established places of business in this district.

## FACTUAL ALLEGATIONS

A.   **Plaintiff Alexander Erlandsson**

6.   Erlandsson is the sole named inventor and owner of the Asserted Patent, which claims a magnetic tool holder that may be used, for example, to hold metal tools in place while working on an automobile or at some other job site.

7.   Erlandsson sells products covered by the Asserted Patent under the brand name Lodesol, directly through Erlandsson's website https://lodesol.com/, and through third-party retailers such as Amazon.com. Examples of Erlandsson's patented Lodesol magnetic tool holders are shown below:




8.   Erlandsson owns all right, title, and interest in the Asserted Patent, including the right to sue and recover for infringement. The Asserted Patent issued March 17, 2015, and will expire July 28, 2033. The Asserted Patent gives Erlandsson the right to exclude others from making, using, offering for sell, and selling the invention claimed in the patent within the United States, and from importing the invention claimed in the patent into the United States. A copy of the Asserted Patent is attached hereto as **Exhibit A**.

9. Erlandsson marks the patented products with the number of the Asserted Patent in accordance with 35 U.S.C. § 287, and has done so during all times relevant to his allegations of Defendant's infringement.

10. The Asserted Patent covers a magnetic tool holder in which a flexible outer web of material encloses an array of magnets with alternating sizes and polarities, plus legal equivalents. An example of the claimed invention can be seen, for example, in Fig. 6 of the Asserted Patent, recreated below:



FIG. 6

11. When the application leading to the Asserted Patent was examined, the USPTO Examiner found the subject matter of claim 1 of the Asserted Patent allowable based on the Examiner's conclusion that the prior art failed to disclose or suggest a tool holder with magnets "either of a first size or a second size and wherein for each magnet of said first size all of said nearest neighbor magnets are of said second size."

12. During examination of the application leading to the Asserted Patent, the USPTO Examiner did not base patentability on the feature that nearest neighbor magnets

have alternating polarities, and Erlandsson did not amend the allowed claims to include this feature in order to gain patentability.

B.  **Defendant and Its Infringing Activities**

13.   Defendant is currently making, using, offering for sale, selling, and/or importing into the United States the Accused Product, namely the Harbor Freight ICON Magnetic Tool Mat, SKU 70077, which infringes the Asserted Patent. A representative image of Defendant's Accused Product is shown below, side by side with one of Erlandsson's patented products:



| Accused Product | Patented Product |
|---|---|

14.   Defendant sells the Accused Product online to customers nationwide through its e-commerce website at https://www.harborfreight.com/magnetic-tool-mat-70077.html, and the Accused Product is also available at Defendant's retail stores, of which Defendant

Page 5 – COMPLAINT

claims to have more than 1,600. A screenshot showing the Accused Product for sale online and in stock in a Portland, Oregon retail store is attached hereto as **Exhibit B**.

15.     The Accused Product infringes claims 1 and 2 of the Asserted Patent. Attached hereto as **Exhibit C** is a claim chart demonstrating infringement of claim 1 of the Asserted Patent by the Accused Product.

## CLAIM 1 – INFRINGEMENT OF U.S. PAT. NO. 8,981,887

16.     Defendant has directly infringed the Asserted Patent by making, using, selling, offering to sell and/or importing the Accused Product.

17.     Defendant's infringement of the Asserted Patent has been and continues to be willful.

18.     Erlandsson has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to Defendant's infringement.

19.     Erlandsson has suffered, and will continue to suffer, permanent and irreparable injury, for with Erlandsson has no adequate remedy at law.

20.     Erlandsson is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## PRAYER FOR RELIEF

WHEREFORE, Erlandsson prays for judgment as follows:

A.     That Defendant has infringed, and is infringing, the Asserted Patent in violation of 35 U.S.C. § 271;

B. The Defendant's infringement is willful;

C. That Defendant be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering for sale, and importing the Accused Product;

D. That Defendant be ordered to destroy or to deliver to Erlandsson for destruction any and all articles in its possession or control that infringe the Asserted Patent, including but not limited to all existing units of the Accused Product, associated packaging, and advertisements;

E. That Defendant be ordered to pay Erlandsson the damages that Erlandsson has suffered due to patent infringement by Defendant, together with interest thereon;

F. That Defendant be ordered to account for and pay Erlandsson the total profits Defendant has received from the sale of products infringing the Asserted Patent;

G. That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Defendant, and that Erlandsson be awarded trebled damages and his reasonable attorney's fees and costs incurred in this action; and

H. That Erlandsson have such other and further relief as the Court and/or a jury deems just and proper.

## JURY DEMAND

Erlandsson hereby demands a trial by jury of all issues so triable.

DATED: October 2, 2025        Respectfully submitted,

By: /s/ Shawn J. Kolitch
Shawn J. Kolitch
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison #1100
Portland, Oregon 97205
Tel.: 503-994-1650
Fax: 503-224-7329
shawn@krdglaw.com
*Attorneys for Plaintiff*

Page 8 – COMPLAINT